# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| REBECCA J. BILBREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00048 |
| ) | JURY DEMAND |
| SAM'S EAST, INC., ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to the Court's Notice of May 15, 2014, and pursuant to Local Rule 16.01(d)(1)(b)(2) the parties submit this proposed case management order:

**A.   Jurisdiction:**

This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332, there being diversity of citizenship and the amount in controversy exceeds $75,000.00.

**B.   Parties' Theory of Case**

**1.   Plaintiff's Theory of Case:** On March 10, 2014, the Plaintiff, Rebecca Bilbrey, was shopping at the Sam's Club in Cookeville, Tennessee. She was in the frozen food aisle. After she finished her business in whatever section she was in, she closed the freezer door and started to back up. Unbeknownst to the Plaintiff, an employee of the Defendant had rolled a dolly to the area behind where she was standing. There was no warning and no indication that it was there. The dolly was empty, but the wheels were not locked. As such, the dolly rolled backward taking the Plaintiff with her. The Plaintiff eventually hit the floor causing serious damage to her wrist, shoulder and hip. The Plaintiff would submit the Defendant by virtue of the acts and omissions of its employees was negligent in the placement of the dolly and/or in their

failure to provide a proper warning as to his placement. The Plaintiff would submit the dolly placed behind the Plaintiff constituted a hazardous condition. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered injuries and/or damages.

**2.     Defendant's Theory of Case**

Sam's East, Inc. was not negligent and has no liability to plaintiff. Sam's East, Inc. invokes and relies on the doctrine of comparative fault to the extent that the jury determines that the plaintiff was at fault.

**C.     Issues Resolved**

The parties agree that jurisdiction and venue are proper in the Court.

**D.     Issues Still in Dispute**

All legal and factual issues remain at issue in this litigation.

**E.     Initial Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within14 days after the Initial Case Management Conference scheduled for August 4, 2014.

**F.     Discovery**

The parties shall complete all written discovery and depose all fact witnesses on or before March 6, 2015. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

**G.     Motions to Amend**

The parties shall file all Motions to Amend on or before October 19, 2014.

**H.     Disclosure of Experts**

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 13, 2015.

The defendant shall identify and disclose all expert witnesses and reports on or before May 15, 2015.

Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before July 3, 2015.

**I.     Depositions of Expert Witnesses**

Discovery depositions of Plaintiff's experts shall be completed by April 17, 2015.

Discovery depositions of Defendants' experts shall be completed by June 15, 2015.

**J.     Joint Mediation Report**

The parties shall file a joint mediation report on or before February 6, 2015.

**K.     Dispositive Motions**

The parties shall file all dispositive motions on or before April 3, 2015.  Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed twenty (20) pages.  Optional replies may be filed within fourteen (14) day safter the filing of the response and shall not exceed five (5) pages.

**L.     Electronic Discovery**

The parties do not expect there to be any electronic discovery in this case.

**M.     Trial Date and Estimated Trial Time**

The parties expect the trial to last approximately two (2) days.  This case is set for a jury trial.  A target trial date is requested no sooner than July 7, 2015.  Jury Trial set for August 18, 2015 with the final pretrial conference set for August 3, 2015, at 1:30 p.m. Both set in Cookeville, Tennessee.

IT SO ORDERED.

 _____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

s/ Meredith L. Hiester
G. Andrew Rowlett, No. 16277
Meredith L. Hiester, No. 30183
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
#615/244-3370
arowlett@howell-fisher.com
mhiester@howell-fisher.com
Attorneys for defendant

-and-

s/ Randy S. Chaffin (by MH with express permission)
Randy S. Chaffin, No. 14786
Chaffin Chaffin & Giaimo
204 North Washington Avenue
Cookeville, TN 38501
#931/372-7515
Attorney for plaintiff

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was served via the electronic filing system upon:

Randy S. Chaffin, Esq.
Chaffin Chaffin & Giaimo
204 North Washington Avenue
Cookeville, TN 38501

      on this the 25th day of July, 2014.

s/ Meredith L. Hiester

F:\MLH\MLH\4. Walmart\Bilbrey\proposed initial case management order final.docx